GREEN, J.
delivered the opinion of the court.
The bill in this case was taken for confessed, for want of an answer, and set down for hearing upon the allegations contained therein. The chancellor dismissed the bill, and the complainant appealed to this court.
The complainant alledges that the defendant, Mary F. Baldwin, owns a large separate estate, not liable for the debts or contracts of her husband, consisting mostly of slaves, and that said Henry Baldwin is insolvent. The complainant rented to said Mary F., a house in Nashville, for the year 1843, for $400, and it was the agreement at the time, that the complainant should look to the said Mary F. for the money, from her said separate estate, that said Mary F. has paid $250, of said rent, andon the 1st of November, 1844, promised in writing, signed by her, to pay the remaining $150, but has failed to do so. The bill prays that the said sum be decreed to the complainant to be satisfied out of said separate estate.
The question as to the powers of a feme covert over her separate estate, and its liability for her contracts, was discussed and settled, as the law in this court in the case of Morgan vs. Elam, 4 Yerg. R. 444. In that case the principle is laid down, that we must “ascertain by a fair construction of the deed, what was the intention of the grantor, and cause that intention to be carried into effect.'5 Upon this principle, the power of alienation is not to be restricted on the one hand alone to cases where it is expressly conferred, nor on the other hand does it exist, in every case where it is not expressly prohibited, *177 but the powers of the wife over the property, and the use she may make of it, must depend upon a fair interpretation of the meaning and intention of the settlement.
In this case we have not the deed of settlement before us. The defendant has not thought proper to answer the bill and exhibit the deed. We must then take the statement in the bill, as containing the condition of the property, and the terms of the settlement. And according to the bill, the defendant has a large estate, vested in her for her separate use. No condition or restriction of her power over this estate is stated to exist. We must take it then, for the purposes of this suit, that it is vested in her for her separate maintainance without restriction. In such case, what is the fair interpretation of the intention of the settler? Can any portion of it be disposed of for necessaries? And if so, can it be rendered liable for necessaries contracted for on the faith of such estate? We think it may be rendered liable in a court of equity for necessaries. It is given for the support of the married woman, and there may be no profits, or not enough for such'support. If then, the estate cannot be so applied, the very end for which it was given will be defeated.
We think, therefore, that where there is no restriction in the settlement, and the profits are insufficient for her support, the wife may under the direction of a Court of Chancery dispose of part of the principal of the estate for her necessary support.
Reverse the decree, and let the clerk inquire if there are profits of the estate that can be applied to the payment of this debt, and if not, report the character of the estate, and what property of the defendant can be applied to the payment of this debt with the least detriment to the same.
DECREE.
Be it remembered, that this cause came on to be heard, this 13th day of February, 1847, upon the record from the Chancery Court at Franklin, before the Hons. Nathan Green, William B. Reese and William B. Turley, and it appearing to the satisfaction of the court, that complainant rented a house to the *178 defendant, Mary F. Baldwin, for and during the year 1843, at the price of four hundred dollars, and that the said Mary F. agreed at the time, that the said rent should be paid out of the property settled upon her, for her sole and separate use; upon the faith of which said separate property, the complainant contracted to rent the house aforesaid. It further appearing, that the said Mary F. has paid to the complainant two hundred and fifty, leaving still due on the 1st day of November, 1844, the sum of one hundred and fifty dollars, which the said Mary F. agreed in writing to pay. It further appearing, that said Mary F. is possessed of a large personal estate, consisting mainly of slaves, but the number, value, or the annual value of the hire of said slaves, or the income of the other property of said Mary F. not being known to the court: It is, therefore, ordered, adjudged and decreed, that the separate estate of said Mary F. is liable for the balance of one hundred and fifty dollars, with interest from the 1st day of November, 1844, due to complainant as aforesaid; and that the Clerk and Master will inquire in what species of property consists the separate estate of said Mary F.; the number, value, and probable annual income from the hire of said slaves; whether the said income can be conveniently applied to the satisfaction of said debt as aforesaid, with but little cost or expense to said estate of Mary F.; and if not, then what property belonging to her said separate estate could be best disposed of to satisfy the debt aforesaid with least damage to said estate.